UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN JOHNSON,<br><br>Defendant. | Case No. 20-cr-105 (TSC/ZMF) |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING REGARDING DEFENDANT KEVIN JOHNSON'S VIOLATION OF SUPERVISED RELEASE**

In 2021, the defendant, Kevin Johnson, pleaded guilty to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, and was sentenced to 27 months' incarceration followed by three years' supervised release for that count. He was released from prison and began supervision on September 9, 2022. The day after he started supervision, the defendant was arrested and charged with Assault and violating a Civil Protection Order. The defendant pleaded guilty to those charges in January 2023. In July 2024, the defendant was arrested again, this time for unlawfully possessing a firearm—the same conduct underlying the conviction for which he was on supervised release. He pleaded guilty to Unlawful Possession of a Firearm (Prior Conviction) in D.C. Superior Court, and was sentenced to 18 months' incarceration, followed by three years' supervised release, to run consecutive to any other sentence.

For reasons that follow, the government respectfully recommends that this Court sentence the defendant to a term of **24 months' imprisonment**, to be served consecutively to the Superior Court sentence.

## BACKGROUND

### *The 2020 Firearm Possession Offense in This Case*

According to the statement of facts the defendant admitted were true and correct when he pleaded guilty in this case:

> On March 23, 2020, at approximately 1:00 a.m., Metropolitan Police Department (MPD) officers responded to 367 Ridge Road S.E., Washington, D.C. in reference to a person with a weapon. An anonymous caller had reported a man outside of that address in dark clothing with a weapon. Just before receiving this call for service, CIC shot spotter reported a "sounds of gunshots" for one round at 268 to 282 37th Place SE at approximately 12:54 a.m. When the officers arrived at the location, they made contact with the defendant, later identified as Kevin Johnson, who was standing in front of 367 Ridge Road, S.E. The officers instructed the defendant to place his hands in the air and walk towards them. The officers then conducted a protective pat-down and found no weapons on his person. The officers then located a silver firearm on the ground in the same location where they had initially observed the defendant standing on scene when they arrived.
>
> The firearm was recovered and determined to be a Taurus "The Judge" .45 caliber revolver with a five-round capacity, which was loaded with three rounds of ammunition. A WALES/NCIC check of the firearm revealed that it is not registered in the District of Columbia. The defendant was placed under arrested and transported to the Sixth District cellblock for processing. The defendant acknowledges that he possessed the revolver . . . .
>
> Before March 23, 2020, the defendant had previously been convicted in the District of Columbia of offenses that are punishable by more than one year of imprisonment: namely, Attempted Robbery, in D.C. Superior Court Case No. 2005-FEL-003140, for which he served 18 months' incarceration, and Unlawful Possession of a Firearm, in D.C. Superior Court Case No. 2007-CF2-017770, for which he served 36 months of incarceration. Therefore, the defendant was aware at the time of his arrest in this case that he had at least one prior conviction for a crime punishable by more than one year.

(ECF No. 19 at 3–4).

### *The 2019 Assault Offense in This Case*

At the time of his arrest on March 23, 2020, the defendant was also on pretrial release for an Aggravated Assault pending in D.C. Superior Court, Case No. 2019-CF3-011737. According

2

to the statement of facts the defendant admitted were true and correct when he pleaded guilty in this case:

> On September 5, 2019 at approximately 7:30 p.m., near 231 Anacostia Road, S.E., Washington, D.C., the defendant committed an assault against the complainant, Philana Marie Palmer. The evidence would show beyond a reasonable doubt that the complainant was walking her dog at that approximate time and location when a man, later identified during a second sighting as the defendant, Kevin Johnson, suddenly approached her and accused her of stealing the dog from someone else. The defendant threatened the complainant and the complainant told the defendant to get away from her and continued to walk away, but the defendant followed her and, without warning, punched her in the left side of her face with a closed fist, causing her to fall to the ground. As a result of the punch, the defendant caused the complainant to sustain a broken mandible (jaw), which required further medical attention, including surgery. The complainant did not report the incident to the police until she saw Mr. Johnson in the area again on September 10th, which is the day he was arrested.   The defendant's conduct was voluntary and intentional, not by mistake or accident, and without legal justification, including self-defense. All events occurred within the District of Columbia..

(ECF No. 19 at 3–4).

On August 25, 2020, the defendant pleaded guilty to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) in relation to his March 23, 2020 arrest, and Assault, in violation of 22 D.C. Code, Section 404 for the offense that occurred on September 5, 2019.  On February 5, 2021, the Court sentenced the defendant to twenty-seven months' incarceration for Unlawful Possession of a Firearm and six consecutive months' incarceration for Assault, followed by two years' supervised release on the Unlawful Possession of a Firearm charge.

### *The 2022 Assault and CPO Violation*

On January 25, 2023, while the defendant was on supervised release in this case, he pleaded guilty to one count of Assault, in violation of 22 D.C. Code, Section 404, and Civil Protection Order Violation, in violation of 16 D.C. Code, Sections 1004(d), 1005(g), in D.C. Superior Court

3

Case No. 2022-DVM-000774. According to the factual proffer, which the defendant admitted were true and correct when he pleaded guilty:

> [O]n or about September 10, 2022, in the District of Columbia, the Defendant threw a brown alcoholic beverage in J.V's face. The Defendant's actions were intentional, not by mistake or accident, and without legal justification.
>
> [And] on or about April 6, 2022, the defendant, Kevin Johnson, was issued a Civil Protection Order ("CPO") in 2022 CPO 2721, instructing him to stay at least 100 yards away from Angela Veney and her home. The Defendant was served with the CPO via email with his consent on the same day. On or about September 10, 2022, within the District of Columbia, the defendant knowingly, willfully, and intentionally violated the CPO by going to Ms. Veney's home while she was present. The CPO, which expires on April 5, 2024, was in effect on September 10, 2022.

(Factual Proffer, case number 2022-DVM-000774 (D.C. Super. Ct. Jan. 25, 2023)).

### *The 2024 Firearm Possession Offense*

On February 7, 2025, the defendant pleaded guilty to one count of Unlawful Possession of a Firearm (Prior Conviction), in violation of 22 D.C. Code § 4503(a)(1). According to the Proffer of Facts, ich the defendant admitted were true and correct when he pleaded guilty:

> [O]n or about July 8, 2024, at or around 00:05, Metropolitan Police Department officers responded to the location of 267 37th Place, Southeast, Washington, DC, in response to an earlier incident. Officers approached and stopped a person matching the lookout description, who was later identified as Kevin Johnson, the defendant. While conducting a protective pat down, officers discovered a blue-colored firearm without a serial number.
>
> The firearm recovered from the Defendant was loaded with seven 9mm rounds of ammunition, and one in the chamber. The firearm appeared to be fully functional, designed to expel a projectile by the action of an explosive, and had a barrel length of less than 12 inches and capable of being fired by use of a single hand.

(Proffer of Facts, case number 2024-CF2-006713 (D.C. Super. Ct. Feb. 7, 2025). The earlier incident referenced in the factual proffer was a call for the sound of gunshots, and CCTV footage showed the defendant firing shots into the air before he was stopped. *See* Figure 1.



**Figure 1**: CCTV footage from July 8, 2024.

On April 11, 2025, the Honorable Robert A. Salerno sentenced the defendant to 18 months' imprisonment, followed by three years' supervised release. As part of the Judgment and Commitment Order, Judge Salerno ordered that the "[s]entence and supervised release runs consecutive to any other sentence and supervised release." (Judgment and Commitment Order, case number 2024 CF2 006713 (D.C. Super. Ct. April 11, 2025).

## **LEGAL STANDARD**

When imposing sentence for a revocation of supervised release, the Court considers "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). Those factors are "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence

imposed . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational vocational training, medical care, or other correctional treatment in the most effective manner," *id.* § 3553(a)(2)(B)–(D); applicable Sentencing Guidelines and pertinent policy statements, *id.* § 3553(a)(4)–(5); "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6); and "the need to provide restitution to any victims of the offense," *id.* § 3553(a)(7).

## APPLICABLE SENTENCING RANGE

With a Grade B violation and a Criminal History Category of V, the defendant's applicable range is 18 to 24 months' imprisonment. By statute, the maximum sentence the Court can impose is a term of 24 months' imprisonment to be followed by one year's supervision. *See* 18 U.S.C. § 3583(e)(3), (h).

## THE GOVERNMENT'S RECOMMENDATION

The government respectfully recommends that this Court sentence the defendant to a term of **24 months' imprisonment**, to be served consecutively to the sentence imposed in Superior Court case number 2024-CF2-006713.

The nature and circumstances of the offense giving rise to the violation here marks the defendant's third time unlawfully possessing a gun after being convicted of a crime punishable by more than one year's imprisonment. In this case, he was placed on supervised release for unlawfully possessing a firearm on September 9, 2022. The next day he was arrested for committing an assault and violating a court order, ultimately pleading guilty to both charges. Less than two years later—while still on supervised release—he was found in possession of yet another gun, this time one that he was captured on video shooting in the air just shortly before he was

6

arrested. This is the kind of breach of trust that revocation of supervised release is meant to address, and the defendant's conduct while on supervised release demonstrates that supervision alone will not deter his criminal behavior.

Similarly, because the revocation of supervised release is meant to "sanction primarily the defendant's breach of trust . . . the sanction for the violation of trust should be in addition, or consecutive to, any sentence imposed for the new conduct." U.S.S.G. ch. 7, pt. A § 3(b). A concurrent or time-served sentence not only sends the wrong message about the importance of supervision, but also runs contrary to the Guidelines' approach to supervised release violations. Indeed, the defendant's sentence in 2024-CF2-006713 (the offense that gave rise to the violation here) demonstrates as much, as the Court there envisioned the defendant's Superior Court sentence running consecutive to the sentence in this case, as he ordered that the "[s]entence and supervised release run[] consecutive to any other sentence and supervised release." (Judgment and Commitment Order, case number 2024 CF2 006713 (D.C. Super. Ct. April 11, 2025).

In addition to his history of illegal gun possession and his inability to comply with the terms of his supervised release, the defendant has a lengthy criminal history dating back to 1996, when he was 11 years old. He also appears to have spent the entirety of his adult life committing violent crimes and drug offenses, and illegally possessing guns. The defendant's criminal history shows that when he was not serving time in prison or under supervision, the defendant was convicted of a crime nearly every year since his 18th birthday.

So far, the defendant has been completely undeterred from pursuing a life of crime. His incessant criminal conduct demonstrates that he is incapable of being rehabilitated and that, if released into the community, he will return to committing crime. To protect the community from

the defendant's crimes, and to incapacitate and specifically deter him, this Court should imprison him for 24 months—the maximum available sentence.

## CONCLUSION

For the foregoing reasons, the government respectfully recommends that this Court sentence the defendant, Kevin Johnson, to a term of 24 months' imprisonment, to be served consecutively to the sentence imposed in Superior Court case number 2024-CF2-006713.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:   */s/ John Parron*
John Parron
PA Bar No. 324503 / N.Y. Bar No. 5808522
Assistant United States Attorney
United States Attorney's Office for the
District of Columbia
601 D Street NW
Washington, D.C. 20530
(202) 252-6885
John.Parron@usdoj.gov

Dated: June 23, 2025